## M. T. COOPER V. THE STATE.

No. 22676. Delivered December 15, 1943.

The opinion states the case.

*Shelburne H. Glover,* of Texarkana, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Conviction was upon a charge of violating the liquor laws, with a penalty of $200.00.

The undisputed evidence in the case shows that J. L. Dendy bought a half pint of liquor from appellant, within the city limits of the town of Jefferson, Marion County, on about the 1st day of May, 1943. The liquor was deposited with the sheriff and was introduced in evidence upon a trial of the case.

The record has three bills of exception. One complains that there is no proof that the sale took place in Precinct Three, and also that the record of the election in defective. The bill as to the place of the sale is not approved by the court and the statement of facts amply justifies him in refusing to approve the same. It will not be necessary to discuss the lengthy contention relative to the other bill, or the court's qualification of same. During the procedure, the attorney for appellant made the following statement in court, as found on page 9 of the statement of facts:

"For the purpose of this trial and this case defendant will admit that Precinct No. 3 of Marion County is a dry area and was a dry area on the date alleged in the complaint and information, and no election has been had since that time legalizing the sale of intoxicating liquor in Marion County."

It is true that the county attorney did not stop the procedure which he had started and rely altogether on the statement made by the attorney for appellant. It is sufficient to say that the court's qualification of the bill leaves it without merit. Exception was taken to such qualification, but it is not shown that such exceptions were presented to the court, and they are not approved by him.

Bill of exception No. 2 complains of the argument of the county attorney, who said "the testimony of J. L. Dendy stands unimpeached." Appellant did not testify in his case, and offered no evidence by any other person. Dendy testified that there was another person present who assisted appellant by giving him a bottle into which he poured the liquor for delivery to the witness. We cannot go so far as to assume that this statement

was a reference to the failure of the accused to testify, inasmuch as there was another party present in the view of the county attorney, who could have denied some of the things that Dendy swore to. The act of pouring the liquor from a large bottle into a small one, with its delivery to the witness, was a visible transaction which could have been verified or denied by Mrs. Dendy or the child, who were nearby. The argument was without force and is harmless unless it can be so construed as to a reference to the failure of the accused to testify. See Volume 42, Tex. Jur., Sec. 271, p. 342, and authorities there cited.

Finding no error, the judgment of the trial court is affirmed.